**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| ANGELA WHITE,<br><br>    **Plaintiff,**<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>    **Defendant.** | **Case No.** 3:26-cv-435 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Experian Information Solutions, Inc. ("Experian"), by and through undersigned counsel, hereby removes Case No. GV26002122-00 in the General District Court for the City of Petersburg, Virginia (the "State Court Action") to the United States District Court for the Eastern District of Virginia, Richmond Division. Removal of the State Court Action to this Court is proper for the following reasons:

## I.      PROCEDURAL HISTORY AND BACKGROUND

1.      On or about April 24, 2026, Plaintiff Angela White ("Plaintiff") filed a Warrant in Debt in the City of Petersburg General District Court, styled *Angela White v. Experian Information Solutions, Inc.*, Case No. V26-2122.

2.      The Warrant in Debt was formally served on Experian on May 8, 2026.

3.      **Exhibit A** constitutes all of the process, pleadings, and orders served upon Experian in this case. *See* 28 U.S.C. § 1446(a). Experian has not answered, moved, or otherwise responded to the Warrant in Debt.

4.      This Notice is being filed within 30 days after Experian's receipt of a copy of the

initial pleading setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. § 1446(b).

## II.      GROUNDS FOR REMOVAL

5.      Federal courts have original jurisdiction of all cases that arise under federal law, 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction. *See* 28 U.S.C. § 1441(b) (providing that the courts have removal jurisdiction for any action in which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States).

6.      The FCRA is a federal statute, and the basis of Plaintiff's claim is that Experian committed violations of the FCRA. Specifically, Plaintiff asserts in her Warrant in Debt that Experian violated 15 U.S.C. § 1681i.

7.      Experian's position is that it did not violate any federal or state law as it relates to Plaintiff.

8.      The parties' claims and defenses thus rest in part on an interpretation of 15 U.S.C. § 1681 *et seq*. Therefore, this case explicitly concerns federal law.

9.      Venue is proper in this Court for removal purposes because this Court is "the district court of the United States for the district and division in which within which this action is pending."  28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 127(a).

## III.      COMPLIANCE WITH STATUTORY REQUIREMENTS

10.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Experian from the State Court Action are attached hereto as **Exhibit A**.  Upon information and belief, no other related process, pleadings, or orders have been served upon Experian.

11.     This Notice of Removal is timely, as it was filed within thirty (30) days of receipt of the initial pleading and within one year of the commencement of this action as required by 28 U.S.C. § 1446(b).  Specifically, Experian was served with the Complaint on May 8, 2026.

12.     Upon review of the Court's electronic filing system, no previous Notice of Removal has been filed or made with this Court for the relief sought herein.

13.     The United States District Court for the Eastern District of Virginia, Richmond Division, is the federal judicial district encompassing the General District Court of Petersburg City, Virginia, where this suit is currently pending.  Venue is therefore proper under 28 U.S.C. § 1441(a).

14.     Pursuant to the provisions of 28 U.S.C. § 1446(d), Experian will promptly file a copy of this Notice of Removal with the Clerk of the General District Court of Petersburg City, Virginia, and will serve a copy upon Plaintiff.  A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B**.

15.     Accordingly, pursuant to 28 U.S.C. §§ 1331 and 1441, the present lawsuit may be removed from the General District Court of Petersburg City, Virginia and brought before the United States District Court for the Eastern District of Virginia, Richmond Division.

16.     There are no co-defendants in this matter, and thus 28 U.S.C. § 1446(b)(2) is inapplicable.

### IV.     <u>RESERVATION OF RIGHTS</u>

17.     Experian denies any and all allegations contained in Plaintiff's warrant in debt or in any other filing in the State Court Action, and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

18.     Further, in making the allegations in this Notice of Removal, Experian does not

concede in any way that the allegations in the Warrant in Debt are properly raised against Experian that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

19. Experian reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, Experian expressly requests the opportunity to present a brief, oral argument, and/or any further evidence necessary in support of its position that this action is removable.

WHEREFORE, having met all the requirements for removal, Defendant Experian Information Solutions, Inc. respectfully removes this case from the General District Court of Petersburg City, Virginia to the United States District Court for the Eastern District of Virginia, Richmond Division, and seeks whatever further relief this Court deems equitable and just.

Dated: May 15, 2026

*/s/ John E. Komisin*

John E. Komisin (VSB No. 84061)
TROUTMAN PEPPER LOCKE LLP
1001 Haxall Point, Suite 1500
Richmond, VA 23219
(804) 697-1872
jed.komisin@troutman.com

*Counsel for Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2026, the foregoing was electronically filed with the Clerk

of Court using the CM/ECF electronic filing system, which will then send a notification of such

filing to counsel of record. I further certify that a copy of the foregoing was sent by U.S. mail to:

Angela M. White
26 W. Old Street, Apt. H
Petersburg, VA 23803
*Pro Se Plaintiff*

*/s/ John E. Komisin*
John E. Komisin

*Attorney for Defendant Experian
Information Solutions, Inc*