UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| Angela White | ] | Case #: 3:26-CV-435-RCY |
|    Plaintiff | ] | |
| | ] | **JURY DEMANDED** |
| v. | ] | |
| | ] | |
| Experian Information Solutions, Inc. | ] | |
| Avant, LLC | ] | |
| | ] | |
|    Defendants | ] | |

## AMENDED COMPLAINT

Ms. White, by counsel, files this Amended Complaint against the above-referenced Defendants for their violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (hereinafter "FCRA").

## PRELIMINARY STATEMENT

1. This is an action by a consumer seeking actual damages, statutory damages, punitive damages, attorney fees and costs, and declaratory relief for Defendants' violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 et seq..

## JURISDICTION, VENUE, AND JURY DEMAND

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and specifically under the Fair Credit Reporting Act, 15 U.S.C. §1681p, which provides for jurisdiction in any appropriate United States district court.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Plaintiff resides in the Commonwealth of Virginia, and a substantial part of the events and omissions giving rise to the claims herein occurred within the Eastern District of Virginia, Richmond Division.

4. This Court has personal jurisdiction over each Defendant because each Defendant regularly transacts business in the Commonwealth of Virginia and has caused tortious injury within this District such that each Defendant should reasonably anticipate being haled into court here.

5. TRIAL BY JURY IS DEMANDED pursuant to the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Angela White is a natural person and a resident of the Commonwealth of Virginia.

7. Plaintiff is a "consumer" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(c).

8. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation registered with the Virginia State Corporation Commission, with a registered agent, and is authorized to do business in the Commonwealth of Virginia.

9. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties, bearing on a consumer's creditworthiness,

Jason M. Krumbein, Esq. VSB#43538
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

credit standing, or credit capacity, including (a) public record information; and (b) credit account information from persons who furnish that information regularly and in the ordinary course of business.

10. Defendant Avant, LLC (hereinafter "Avant") is a Delaware Limited Liability Company registered with the Virginia State Corporation Commission, with a registered agent of Corporation Service Company, 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

11. Avant is a "furnisher of information" to consumer reporting agencies within the meaning of 15 U.S.C. §1681s-2. Avant is hereinafter referred to as the "Furnisher Defendant."

## FACTS

12. Plaintiff did not open, authorize, or use a credit account with Avant. Avant is a credit lender that reported a credit account as due, owing, in default, and as a personal liability of Plaintiff.

13. It is false and inaccurate to report that Plaintiff personally owes any money to Avant. Upon information and belief, Plaintiff was, at most, an authorized user on any Avant account and was not personally liable for the debt.

14. Plaintiff disputed the Avant account to each of the three national consumer reporting agencies — Equifax, TransUnion, and Experian — on multiple occasions over the preceding two years, including disputes submitted in October 2025, November 2025, January 2026, and February 2026. Plaintiff also filed a complaint with the Consumer Financial Protection Bureau (CFPB) in April 2026, which appears to have caused Experian to initiate a further reinvestigation.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

15. Upon information and belief, Experian, Equifax, and TransUnion each communicated Plaintiff's disputes to Avant and forwarded all relevant information received from Plaintiff as required by 15 U.S.C. §1681i(a)(2).

16. Upon information and belief, in response to notice of the disputes, Avant verified to the consumer reporting agencies that the money was owed and that Plaintiff was personally liable, not merely an authorized user.

17. Upon information and belief, Equifax conducted its own independent reinvestigation and deleted the Avant entry from Plaintiff's credit file.

18. Upon information and belief, TransUnion conducted its own independent reinvestigation and deleted the Avant entry from Plaintiff's credit file.

19. Upon information and belief, Experian failed to conduct a reasonable reinvestigation of its own and instead simply parroted the inaccurate verification provided by Avant, without independently reviewing the relevant information provided by Plaintiff.

20. Upon information and belief, Avant failed to conduct a reasonable investigation into whether Plaintiff was personally liable for the account or merely an authorized user, as required by 15 U.S.C. §1681s-2(b)(1)(A).

21. Upon information and belief, Experian failed to maintain reasonable procedures to assure maximum possible accuracy of information in Plaintiff's consumer file, as required by 15 U.S.C. §1681e(b), by allowing an account on which Plaintiff was an authorized user — and not personally liable — to remain reported as a personal liability on Plaintiff's credit file.

22. Plaintiff repeatedly disputed the account to Experian, Equifax, and TransUnion, explaining that Avant had failed to investigate the true nature of the account and Plaintiff's ownership and liability status.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

23. Upon information and belief, Avant failed to consider all relevant information submitted by Plaintiff through the consumer reporting agencies during the reinvestigation process, as required by 15 U.S.C. §1681s-2(b)(1)(B). Had Avant reviewed the relevant information submitted, it would have determined that the account was not owed by Plaintiff and should have been deleted or corrected.

24. Upon information and belief, Avant failed to modify or delete the false and inaccurate information from Plaintiff's credit file as required by 15 U.S.C. §1681s-2(b)(1)(E). Had Avant done so, the false information would have been removed from Plaintiff's consumer file.

25. As a direct and proximate result of the actions and inactions of Defendants as described herein, Plaintiff suffered damages, including but not limited to: mental and emotional distress, damage to credit reputation, and being charged increased interest rates on credit.

<u>COUNT ONE</u>
**CLAIM FOR RELIEF AS TO FURNISHER DEFENDANT AVANT, LLC**
**15 U.S.C. §1681s-2(b)**

26. Plaintiff restates and re-alleges all previous paragraphs as if fully set forth herein.

27. Avant, as a furnisher of information, violated 15 U.S.C. §1681s-2(b)(1)(A) in that, after receiving notice of Plaintiff's disputes from one or more consumer reporting agencies, Avant failed to conduct a reasonable investigation with respect to the disputed information.

28. Avant violated 15 U.S.C. §1681s-2(b)(1)(B) in that it failed to review all relevant information provided by the consumer reporting agency or agencies pursuant to 15 U.S.C. §1681i(a)(2).

Jason M. Krumbein, Esq. VSB#43538
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

30. Avant violated 15 U.S.C. §1681s-2(b)(1)(E) in that, upon finding that the disputed information was inaccurate, incomplete, or could not be verified, it failed to promptly delete or modify that information as appropriate.

31. As a direct result of Avant's violations described herein, Plaintiff has suffered injury in fact, including mental and emotional distress, damage to credit reputation, and credit damages.

32. Avant's conduct was done either willfully or negligently.

33. If the violation is found to be willful, Plaintiff is entitled to actual damages and statutory damages of not less than $100 and not more than $1,000, punitive damages, and attorney fees and costs pursuant to 15 U.S.C. §1681n.

34. If the violation is found to be negligent, Plaintiff is entitled to actual damages, attorney fees, and costs pursuant to 15 U.S.C. §1681o.

## COUNT TWO
## CLAIM FOR RELIEF AS TO EXPERIAN INFORMATION SOLUTIONS, INC.
### 15 U.S.C. §1681e(b)

35. Plaintiff restates and re-alleges all previous paragraphs as if fully set forth herein.

36. Experian violated 15 U.S.C. §1681e(b) in that it failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports, by allowing an account for which Plaintiff was not personally liable to remain reported as a personal liability in Plaintiff's consumer file.

37. As a direct result of Experian's violations described herein, Plaintiff has suffered injury in fact, including mental and emotional distress, damage to credit reputation, and credit damages.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

38. Experian's conduct was done either willfully or negligently.

39. If the violation is found to be willful, Plaintiff is entitled to actual damages and statutory damages of not less than $100 and not more than $1,000, punitive damages, and attorney fees and costs pursuant to 15 U.S.C. §1681n.

40. If the violation is found to be negligent, Plaintiff is entitled to actual damages, attorney fees, and costs pursuant to 15 U.S.C. §1681o.

[remainder of this page is blank]

Jason M. Krumbein, Esq. VSB#43538
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## COUNT THREE
## CLAIM FOR RELIEF AS TO EXPERIAN INFORMATION SOLUTIONS, INC.
### 15 U.S.C. §1681i(a)

41. Plaintiff restates and re-alleges all previous paragraphs as if fully set forth herein.

42. Experian violated 15 U.S.C. §1681i(a)(1) in that, upon receiving Plaintiff's disputes, Experian failed to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and failed to delete or correct the inaccurate information within the statutory period.

43. Experian violated 15 U.S.C. §1681i(a)(2) in that it failed to provide Avant with all relevant information regarding the dispute that Experian received from Plaintiff.

44. Experian violated 15 U.S.C. §1681i(a)(4) in that it failed to consider all relevant information submitted by Plaintiff in connection with Plaintiff's disputes.

45. Experian violated 15 U.S.C. §1681i(a)(5) in that, following its reinvestigation, Experian failed to promptly delete or modify the disputed information that was found to be inaccurate, incomplete, or that could not be verified.

46. Experian violated 15 U.S.C. §1681i(a)(5)(C) in that it failed to maintain reasonable procedures designed to prevent the reappearance in Plaintiff's consumer file of information that should have been deleted pursuant to 15 U.S.C. §1681i(a)(5)(A).

47. As a direct result of Experian's violations described herein, Plaintiff has suffered injury in fact, including mental and emotional distress, damage to credit reputation, and credit damages.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

48. Experian's conduct was done either willfully or negligently.

49. If the violation is found to be willful, Plaintiff is entitled to actual damages or statutory damages of not less than $100 and not more than $1,000, punitive damages, and attorney fees and costs pursuant to 15 U.S.C. §1681n.

50. If the violation is found to be negligent, Plaintiff is entitled to actual damages, attorney fees, and costs pursuant to 15 U.S.C. §1681o.

[remainder of this page is blank]

Jason M. Krumbein, Esq. VSB#43538
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## WHEREFORE

WHEREFORE, Plaintiff Angela White, by counsel, respectfully prays for judgment against Defendants as follows:

   a.  Actual damages in an amount to be determined by the trier of fact;

   b.  Statutory damages pursuant to 15 U.S.C. §1681n;

   c.  Punitive damages pursuant to 15 U.S.C. §1681n for willful violations;

   d.  Reasonable attorney fees and costs of this action pursuant to 15 U.S.C. §§1681n and 1681o;

   e.  Declaratory relief as appropriate; and

   f.  Such other and further relief as this Court deems just and proper.


Respectfully submitted,
Angela White
 /s/ Jason M. Krumbein, Esq.
Jason M. Krumbein, Esq. VSB#43538
JKrumbein@KrumbeinLaw.com
Counsel for Plaintiff
10307 W. Broad St., Suite 293
Glen Allen, VA 23060
Tel: 804.592.0792
Fax: 804.823.2565

Jason M. Krumbein, Esq. VSB#43538
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## CERTIFICATE OF SERVICE

I hereby certify that on this 8 June 2026 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**John E. Komisin, Esq.**
**Nathaniel Kresh, Esq.**
**Rohiniyurie Tashima, Esq.**
**Counsel for Experian Information Solutions, Inc.**

And to the following non-filing users:

William Klima, Esq. [PHV and regular bar admission pending]
rklima@goodwinlaw.com

_____/s/_____

Jason M. Krumbein, Esq. VSB# 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
(804) 592-0792 - Telephone
(804) 823-2565 – Facsimile

Jason M. Krumbein, Esq. VSB#43538
Counsel for Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)