UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| Angela White,<br><br>             Plaintiff,<br><br>       v.<br><br>Experian Information Solutions, Inc. and<br>Avant, LLC,<br><br>             Defendants. | Case No.: 3:26-CV-435-RCY |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST
AMENDED COMPLAINT**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Angela White's ("Plaintiff") First Amended Complaint (ECF No. 12) (the "Amended Complaint") as follows:

**PRELIMINARY STATEMENT**

1.     In response to paragraph 1 of the Amended Complaint, Experian admits that the Amended Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA"). Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages, and denies, generally and specifically, each and every allegation contained therein that relates to Experian.

**JURISDICTION AND VENUE**

2.     In response to paragraph 2 of the Amended Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*,

1

and 28 U.S.C. § 1331. Experian states that this is a legal conclusion which is not subject to denial or admission.

3.      In response to paragraph 3 of the Amended Complaint, Experian admits that Plaintiff has alleged venue in this District is proper pursuant to 28 U.S.C. § 1391(b).  Experian states that this is a legal conclusion which is not subject to denial or admission.

4.      In response to paragraph 4, Experian admits that Plaintiff alleges this Court has personal jurisdiction over Experian and that it regularly conducts business in the Commonwealth of Virginia.  Experian states that the allegations contained herein are legal conclusions not subject to the admission or denial. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Avant, LLC ("Avant") and, on that basis, denies the allegations.  Experian denies the remaining allegations in paragraph 4.

## RESPONSE TO DEMAND FOR JURY TRIAL

5.      In response to paragraph 5 of the Amended Complaint, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

## PARTIES

6.      In response to paragraph 6 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Angela White is a natural person and a resident of the Commonwealth of Virginia and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7.      In response to paragraph 7 of the Amended Complaint, to the extent that this paragraph sets forth conclusions of law, no response is required.  To the extent a response is deemed required, Experian admits that Plaintiff purports to be a "consumer" as defined by 15 U.S.C. §

1681a(c), but is without knowledge or information sufficient to form a belief as to the truth of that characterization and, on that basis, denies each and every remaining allegation contained therein.

8. In response to paragraph 8 of the Amended Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. Experian further admits that it is qualified to do business and conducts business in the Commonwealth of Virginia, and is registered with the Virginia State Corporation Commission with a registered agent. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 8 of the Amended Complaint.

9. In response to paragraph 9 of the Amended Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(p). Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 9 inconsistent therewith .

10. In response to paragraph 10 of the Amended Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Amended Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Avant and, on that basis, denies the allegations in paragraph 11.

**FACTS**

12. In response to paragraph 12 of the Amended Complaint, Experian admits only that Avant reported a credit account as due or owing of the Plaintiff. Experian does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that

3

basis, denies, generally and specifically, each and every remaining allegation of paragraph 12 of the Amended Complaint.

13.     In response to paragraph 13 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 13 of the Amended Complaint that relate to Avant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 13 of the Amended Complaint.

14.     In response to paragraph 14 of the Amended Complaint, Experian admits only that it received (1) multiple disputes from or on behalf of Plaintiff over the preceding two years, including disputes in October 2025, November 2025, January 2026, and February 2026, and (2) correspondence indicating that Plaintiff filed a complaint with the Consumer Financial Protection Bureau (CFPB) in April 2026.  Experian further admits that it initiated a reinvestigation after receiving correspondence indicating that Plaintiff filed a complaint with the CFPB.  Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning disputes allegedly submitted to Equifax or TransUnion and, on that basis, denies those allegations in paragraph 14 of the Amended Complaint.  Except as expressly admitted herein, Experian denies any remaining allegations of paragraph 14 of the Amended Complaint.

15.     In response to paragraph 15 of the Amended Complaint, Experian admits only that it communicated one or more of Plaintiff's disputes to Avant and forwarded any relevant information to Avant as required by 15 U.S.C. § 1681i(a)(2).  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the

4

remaining allegations concerning Equifax and TransUnion and, on that basis, denies each and every remaining allegation of paragraph 15 of the Amended Complaint.

16.     In response to paragraph 16 of the Amended Complaint, Experian admits only that it received one or more responses from Avant confirming the disputed Avant account information as accurate.  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 16 of the Amended Complaint.

17.     In response to paragraph 17 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Equifax and Avant and, on that basis, denies each and every allegation of paragraph 17 of the Amended Complaint.

18.     In response to paragraph 18 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning TransUnion and Avant and, on that basis, denies each and every allegation of paragraph 18 of the Amended Complaint.

19.     In response to paragraph 19 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 20 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Avant and, on that basis, denies each and every allegation contained therein.

21.     In response to paragraph 21 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

22.     In response to paragraph 22 of the Amended Complaint, Experian admits only that it received one or more disputes from or on behalf of Plaintiff regarding an Avant account. Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations concerning Equifax and TransUnion and, on that basis, denies each and every remaining allegation of paragraph 22 of the Amended Complaint.

23.     In response to paragraph 23 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Avant and, on that basis, denies each and every allegation contained therein.

24.     In response to paragraph 24 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25.     In response to paragraph 25 of the Amended Complaint, Experian denies that it is liable to Plaintiff for any alleged injury or damages, and denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 25 of the Amended Complaint that relate to Avant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 25 of the Amended Complaint.

**COUNT ONE:**
**CLAIM FOR RELIEF AS TO FURNISHER DEFENDANT AVANT, LLC**
**15 U.S.C. § 1681s-2(b)**

26.     In response to paragraph 26 of the Amended Complaint, Experian repeats and incorporates by reference its responses to paragraphs 1 through 25 as if fully set forth herein.

27.    In response to paragraph 27 of the Amended Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Avant and, on that basis, denies the allegations in paragraph 27.

28.    In response to paragraph 28 of the Amended Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Avant and, on that basis, denies the allegations in paragraph 28.

30.    In response to paragraph 30 (Amended Complaint does not include a paragraph 29), of the Amended Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Avant and, on that basis, denies the allegations in paragraph 30.

31.    In response to paragraph 31 of the Amended Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Avant and, on that basis, denies the allegations in paragraph 31.

32.    In response to paragraph 32 of the Amended Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Avant and, on that basis, denies the allegations in paragraph 32.

33.    In response to paragraph 33 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

34.    In response to paragraph 34 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

**COUNT TWO:**
**CLAIM FOR RELIEF AS TO EXPERIAN INFORMATION SOLUTIONS, INC.**
**15 U.S.C. § 1681e(b)**

35. In response to paragraph 35 of the Amended Complaint, Experian repeats and incorporates by reference its responses to paragraphs 1 through 34 as if fully set forth herein.

36. In response to paragraph 36 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

37. In response to paragraph 37 of the Amended Complaint, Experian denies that it is liable to Plaintiff for any alleged injury or damages, and denies, generally and specifically, each and every allegation contained therein.

38. In response to paragraph 38 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

39. In response to paragraph 39 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

40. In response to paragraph 40 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

**COUNT THREE:**
**CLAIM FOR RELIEF AS TO EXPERIAN INFORMATION SOLUTIONS, INC.**
**15 U.S.C. § 1681i(a)**

41. In response to paragraph 41 of the Amended Complaint, Experian repeats and incorporates by reference its responses to paragraphs 1 through 40 as if fully set forth herein.

42. In response to paragraph 42 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

43. In response to paragraph 43 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

8

44.     In response to paragraph 44 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

45.     In response to paragraph 45 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

46.     In response to paragraph 46 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

47.     In response to paragraph 47 of the Amended Complaint, Experian denies that it is liable to Plaintiff for any alleged injury or damages, and denies, generally and specifically, each and every allegation contained therein.

48.     In response to paragraph 48 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

49.     In response to paragraph 49 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

50.     In response to paragraph 50 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.

## RESPONSE TO DEMAND FOR RELIEF

51.     In response to the unnumbered paragraph beginning with "WHEREFORE, Plaintiff Angela White, by counsel, respectfully prays for judgment against Defendants as follows," Experian denies that Plaintiff is entitled to any of the relief set forth therein or any relief whatsoever against Experian.

## AFFIRMATIVE DEFENSES

52.    In further response to Plaintiff's Amended Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

53.    Plaintiff's claims fail to the extent that the Amended Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

54.    All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
### (ARBITRATION)

55.    Experian alleges on information and belief that Plaintiff's claims are the subject of an arbitration agreement between Plaintiff and Experian.

### FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

56.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate her damages.

10

## FIFTH AFFIRMATIVE DEFENSE
### (STATUTES OF LIMITATIONS AND REPOSE)

57.     Experian is informed and believes and thereon alleges that all claims for relief in the Amended Complaint herein are barred by the applicable statutes of limitation and repose, including but not limited to 15 U.S.C. § 1681p.

## SIXTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

58.     Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SEVENTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

59.     The Amended Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (INDEMNIFICATION)

60.     Experian is informed and believes that any purported damages allegedly suffered by Plaintiff, which Experian continues to deny, were the result of acts or omissions of third persons over whom Experian had neither control nor responsibility.

## NINTH AFFIRMATIVE DEFENSE
### (LACHES)

61.     The claim for relief set forth in the Amended Complaint is barred by the doctrine of laches.

11

## TENTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

62.    Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## ELEVENTH AFFIRMATIVE DEFENSE
### (INDEPENDENT INTERVENING CAUSE)

63.    Experian is informed and believes, and on that basis alleges, that if Plaintiff sustained any of the injuries alleged in the Amended Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## TWELFTH AFFIRMATIVE DEFENSE
### (IMMUNITY)

64.    All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRTEENTH AFFIRMATIVE DEFENSE
### (ONE SATISFACTION RULE)

65.    In the event that Plaintiff has received or will receive monetary compensation or recovery of any kind in satisfaction of her claims against any person or entity other than Experian for the injuries alleged in the Amended Complaint, any additional or separate damages against Experian for the same alleged injuries, which Experian continues to deny, must be offset by such amounts.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

12

(1)    That Plaintiff take nothing by virtue of the Amended Complaint herein and that

this action be dismissed in its entirety;

(2)    For costs of suit and attorneys' fees herein incurred; and

(3)    For such other and further relief as the Court may deem just and proper.

Dated: July 20, 2026                Respectfully submitted,

                                    **EXPERIAN INFORMATION SOLUTIONS, INC.**


By: */s/ W. Ryan Klima*

        W. Ryan Klima, Virginia State Bar No. 93929
        rklima@goodwinlaw.com
        GOODWIN PROCTER LLP
        1900 N Street NW
        Washington, DC 20036
        Telephone: +1 202 346 4000

        *Attorney for Defendant*
        *Experian Information Solutions, Inc.*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ W. Ryan Klima

W. Ryan Klima, Virginia State Bar No. 93929
rklima@goodwinlaw.com
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
Telephone: +1 202 346 4000

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

14