**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

ANGELA WHITE,

　　　*Plaintiff*,

v.

EXPERIAN INFORMATION SOLUTIONS,
INC. and AVANT, LLC,

　　　*Defendants*.

Case No. 3:26-CV-435-RCY

**DEFENDANT AVANT, LLC'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

Defendant Avant, LLC ("Avant"), pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully submits this memorandum of law in support of its motion to dismiss Count I of plaintiff Angela White's ("Plaintiff") amended complaint (ECF No. 12, the "Complaint"), which is the lone count asserted against Avant. Avant is a financial technology company and online platform that connects consumers to lenders offering credit products such as credit cards and personal loans. Plaintiff is an individual residing in the state of Virginia. (Compl. ¶ 6.)

Plaintiff makes the spurious claim[1] that although she allegedly did not open, authorize, or use a credit account with Avant, Avant reported a credit account as due, owing, in default, and a personal liability of Plaintiff. (Compl. ¶ 12.) This claim is particularly dubious given that she feels it necessary to hedge by stating, "Plaintiff was, at most, an authorized user on any Avant

---

[1] Although not appropriate for consideration in connection with this motion, Avant will show that the core allegations in the Complaint are false if the case survives dismissal. Plaintiff and her counsel have already been made aware of this reality, and Avant is in the process of preparing a Rule 11 motion.

1

account and was not personally liable for the debt." (Compl. ¶ 13.)  Nonetheless, Plaintiff alleges that Avant incorrectly reported this account to credit reporting agencies Equifax, TransUnion, and Experian (each a "CRA"), and Plaintiff claims to have disputed this account to the CRAs.  (Compl. ¶¶ 13-14.)  Because Avant allegedly verified to the CRAs that the money was owed and that Plaintiff was personally liable (Compl. ¶ 16), Plaintiff has brought a single claim against Avant under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) ("FCRA"), arguing that Avant failed to conduct a reasonable investigation with respect to the disputed information.  (Compl. ¶ 27.)

But the Complaint falls well short of the standard for surviving a motion to dismiss.  In fact, the Complaint is comprised of little more than a recitation of the elements of an FCRA claim, frequently asserted "upon information and belief."  The Complaint does not make any factual allegations that would plausibly suggest a violation of the FCRA by Avant or give Avant (or the Court) any objective and readily verifiable basis to conclude that the information asserted about Plaintiff to the CRAs was inaccurate.  Specifically, Plaintiff's FCRA claim against Avant should be dismissed because (1) Plaintiff fails to adequately allege that she disputed any alleged inaccuracy with a CRA and that a CRA notified Avant, (2) Plaintiff does not adequately allege that Avant failed to investigate and modify non-existent inaccurate information, and (3) Plaintiff fails to adequately allege Article III standing.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Complaint contains just 14 paragraphs that assert factual allegations about the claim at issue and, remarkably, *10* of those paragraphs contain allegations are presented "upon information and belief."  (*See* Compl. ¶¶ 12-25.)  With respect to Avant, the only alleged "facts" based on Plaintiffs' alleged actual knowledge are that "Plaintiff did not open, authorize, or use a credit account with Avant," "Avant is a credit lender that reported a credit account as due, owing,

in default, and as a personal liability of Plaintiff," and "it is false and inaccurate to report that Plaintiff personally owes any money to Avant." (Compl. ¶¶ 12-13.)  Plaintiff does not allege any facts to plausibly suggest that a CRA notified Avant of the alleged inaccuracy or that Avant failed to investigate and modify non-existent inaccurate information.  The Complaint seems to suggest (without actually saying it) that someone stole her identity and opened a card with Avant, but Plaintiff provides no factual allegations whatsoever to support that claim.  To the contrary, Plaintiff leaves open the door that she may have actually been an Avant customer, stating, "Upon information and belief, Plaintiff was, at most, an authorized user on any Avant account." (Compl. ¶ 13.)  Thus, Plaintiff apparently does not know for certain whether she may have been an authorized user on an Avant card.

Plaintiff filed a *pro se* complaint against Experian in Petersburg, Virginia on April 24, 2026.  (ECF No. 1, Ex. A.)  Experian then removed the case to this Court on May 15, 2026.  (ECF No. 1.)  Counsel appeared for Plaintiff on May 16, 2026 (ECF No. 4), and the Amended Complaint (adding Avant as a party) was filed on June 8, 2026.  (ECF No. 12.)  Avant's motion to dismiss the Complaint now follows.

## II.    LEGAL STANDARD

Under the familiar Rule 12(b)(6) standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).  Plausibility means "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must, at this stage, accept factual allegations as true, "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679.  The Court can therefore disregard "labels and conclusions," "a formulaic recitation of the elements of

a cause of action," and "naked assertions devoid of further factual enhancement." *Id*. at 678 (citation modified). Further, the Court "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (citation modified). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And "conclusory allegations" made "upon information and belief" are "insufficient to defeat a motion to dismiss." *Harman v. Unisys Corp.*, 356 Fed. Appx. 638, 640-41 (4th Cir. 2009); *see also Kashdan v. George Mason Univ.*, 70 F.4th 694, 701-02 (4th Cir. 2023) (holding that plaintiff's assertions "upon information and belief" were "far too speculative" because "simply reciting the cause of actions elements and supporting them by conclusory statements does not meet the required standard"); *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018) ("A litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory.").

## III.    ARGUMENT

Plaintiff's FCRA claims should be dismissed for at least three independent reasons: (1) Plaintiff does not properly allege that a CRA notified Avant of Plaintiff's alleged dispute, (2) Plaintiff does not adequately allege that Avant failed to investigate purported inaccuracies, and (3) Plaintiff does not plausibly allege Article III standing. To set forth a claim under 15 U.S.C. § 1681s-2(b), a plaintiff must establish (1) the plaintiff notified a CRA of the disputed information, (2) the CRA notified the furnisher of credit information, and (3) the furnisher of credit information failed to investigate and modify the inaccurate information. *Roberts v. Carter-Young, Inc.*, 131 F. 4th 241, 249 (4th Cir. 2025). Plaintiff fails to properly plead both the second and third elements.

4

Additionally, "Article III standing requires a concrete injury even in the context of a[n] [alleged] statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).  Under the FCRA, "not all inaccuracies cause harm or present any material risk of harm."  *Id*. at 342.  But Plaintiff has failed to plead any facts to support the existence of a concrete injury.

> ### A.    PLAINTIFF FAILS TO ALLEGE THAT A CRA NOTIFIED AVANT OF PLAINTIFF'S ALLEGED DISPUTE.

It is black letter law that in order to state an FCRA claim, a consumer must first report any disputed inaccurate information with a CRA, and the CRA must then notify the furnisher.  *See* 15 U.S.C. § 1681s-2(b); *Roberts,* 131 F. 4th at 249.  The FCRA's duties imposed on furnishers of credit reporting information, such as Avant, are implicated only *after* the furnisher receives notice pursuant to Section 1681i(a)(2) disputing the completeness or accuracy of any information provided by a person to a credit reporting agency.

As an initial matter, the discussion of Plaintiff's efforts to notify the CRAs is minimal, limited to a single sentence in Paragraph 14 of the Complaint.  But even if the Court takes at face value Plaintiff's allegation that he notified the CRAs, Plaintiff pleads no specific facts to suggest that any CRA provided notification to Avant.  *See Mavilla v. Absolute Collection Serv., Inc.*, 539 Fed. Appx. 202 (4th Cir. 2013) ("[A] furnisher's duty to investigate is not triggered until it receives notification of a dispute/e from a consumer reporting agency."); *Bailey v. Bank of Am. Corp.*, 2015 WL 2240519, *7 (D.S.C. May 11, 2015) (dismissing FCRA claim where complaint provided no factual allegations to demonstrate that furnisher received notice from a CRA that information had been disputed); *Perkins v. S.C. Cmty. Bank*, 2017 WL 121851, *3 (D.S.C. Jan. 12, 2017) (dismissing FCRA claim where complaint failed to adequately allege notice as required by the statute).

Plaintiff's only allegation of fact on this point is a conclusory assertion of the element made on "information and belief," which is not adequate.  (*See* Compl. ¶ 15.)  *See also Kashdan*, 70 F.4th at 701 ("Although a plaintiff may initially plead parts of his case 'upon information and belief,' his allegations may not be wholly conclusory."); *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 445 (E.D. Va. 2009) (dismissing FCRA claim where plaintiff's threadbare, conclusory allegations were nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Given the lack of factual allegations to plausibly allege the notice element for the FCRA claim, the claim against Avant should be dismissed.

### B.    PLAINTIFF DOES NOT ADEQUATELY ALLEGE THAT AVANT FAILED TO INVESTIGATE ANY PURPORTED INACCURATE INFORMATION.

Plaintiff's Complaint similarly does not adequately allege that Avant failed to investigate any purported inaccuracies reported to CRAs.  "[A] plaintiff alleging a violation of a furnisher's obligation to reasonably investigate indirect disputes must allege facts that, if true, show that her credit report contained inaccurate or incomplete information.  Those factual allegations must also show that the inaccuracy or incompleteness is objectively and readily verifiable by the furnisher." *Roberts*, 131 F.4th at 252.  Moreover, there must be factual allegations showing that "there were reasonable steps that [furnisher] could and should have taken or that there was additional evidence that it could or would have found that would have shown that [an unauthorized third party] opened the account without [the plaintiff's] permission." *Suluki v. Credit One Bank, NA*, 138 F.4th 709, 723 (2d Cir. 2025).

Here, the Complaint fails both because its factual allegations do not show that the alleged inaccuracy is objectively and readily verifiable by Avant and because Plaintiff has made no allegations about how Avant's investigation could have been handled differently.  The Complaint contains a mere recitation of the elements of a FCRA claim, alleging on information and belief

6

that "Avant failed to conduct a reasonable investigation into whether Plaintiff was personally liable for the account or merely an authorized user, as required by 15 U.S.C. § 1681s-2(b)(1)(A)." (Compl. ¶ 20.)  The Complaint should allege some "facts [the furnisher] could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete." *Felts v. Wells Fargo Bank*, N.A., 893 F.3d 1305, 1313 (11th Cir. 2018).  But the Complaint is completely devoid of any "objectively and readily verifiable" facts that would evidence an inaccuracy in Avant's reporting.  *Roberts*, 131 F.4th at 252; *see also Ward v. Nat'l Credit Sys., Inc.*, 2026 WL 2083123, *9 (10th Cir. July 20, 2026) (joining the Second, Fourth, Fifth, and Eleventh Circuits in holding that "information is actionably 'inaccurate' only if that information is objectively and readily verifiable by the furnisher as containing a mistake or error").  Accordingly, the claim should be dismissed.

There also is no suggestion that such evidence would have been found if Avant had altered its investigation.  The Complaint omits *any* factual allegations to plausibly suggest that Avant failed to investigate alleged inaccuracies.  *See Johnson v. N.Y. Cmty. Bank*, 2018 WL 2045543, *4 (D. Md. May 2, 2018) (holding that plaintiff's FCRA claim was "simply too bare-bones to survive dismissal"); *Campbell v. Wells Fargo Bank, N.A.*, 73 F. Supp. 3d 644, 651 (E.D.N.C. Oct. 22, 2014) (dismissing FCRA claim for failure to adequately plead supporting facts); *Lewis v. Experian Info. Sols., Inc.*, 2024 WL 1308705, *9 (E.D.N.Y. Mar. 27, 2024) (dismissing FCRA claims where plaintiff only pleaded "naked assertions" that furnisher failed to conduct a reasonable investigation); *Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 918 (E.D. Pa. 2019) (dismissing FCRA claim where plaintiff did not explain how furnishers of her account information failed to investigate any dispute).

To survive dismissal, an FCRA complaint against a furnisher must contain factual allegations to demonstrate that the furnisher could have engaged in some type of investigation that would have identified an inaccuracy. It is not enough for the plaintiff to suggest that an "investigation must have been unreasonable if [it] [continued to] report[] [allegedly] inaccurate information after the investigation." *Abbot v. Experian Info. Sols., Inc.*, 179 F. Supp. 3d 940, 945 (N.D. Cal. 2016). "[T]he FCRA does not require furnishers to conduct perfect investigations – it requires only that furnishers conduct reasonable investigations." *Suluki*, 138 F.4th at 714; *see also Hussey v. Equifax Info. Servs., LLC*, 592 F. Supp. 3d 688, 698 (W.D. Tenn. 2022) (dismissing complaint where plaintiff failed to plead any facts "showing that a more thorough investigation by Defendant could have turned up incomplete or inaccurate information as to Plaintiff's account"). The Plaintiff's threadbare allegations in the Complaint plainly fall short of this standard.

## C.     PLAINTIFF DOES NOT ADEQUATELY ALLEGE A CONCRETE INJURY TO ESTABLISH ARTICLE III STANDING.

Plaintiff's Complaint also fails to adequately allege that Plaintiff was harmed in the manner necessary to confer Article III standing. To have standing, a plaintiff must plausibly allege a real world effect, such as "that they tried to enter [a] financial transaction for which their credit reports or scores were viewed at all, or that they plan to imminently do so, let alone that the alleged inaccuracies in their credit reports would make a difference to such a transaction." *Jaras v. Equifax, Inc.*, 766 F. App'x 492, 494-95 (9th Cir. 2019) (holding that, absent allegations demonstrating inaccurate credit reporting affected an attempted or imminent transaction, an inaccurate credit report alone is insufficient to allege concrete injury-in-fact); *see also Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337 (4th Cir. 2017) (affirming dismissal of FCRA claim for lack of standing where alleged claim was "a statutory violation divorced from any real world effect").

8

Here, Plaintiff's only allegation of harm is that "Plaintiff suffered damages, including but not limited to: mental and emotional distress, damage to credit reputation, and being charged increased interest rates on credit." (Compl. ¶ 25.) But like all other allegations in the Complaint, these are threadbare, conclusory allegations that are devoid of any factual support. Courts have not hesitated to dismiss complaints with inadequate allegations of standing. *See, e.g., Reimer v. LexisNexis Risk Sols., Inc.*, 2022 WL 4227231, *8 (E.D. Va. Sept. 13, 2022) ("Mere boilerplate claims with no detail do not suffice to satisfy the requirements for injury-in-fact."); *Brown v. Alltran Fin., LP*, 2022 WL 377001, *5 (M.D.N.C. Feb. 8, 2022) (holding that "conclusory assertions do not confer standing"); *Zlotnick v. Equifax Info. Servs., LLC*, 2022 WL 351996, *2 (E.D.N.Y. Feb. 3, 2022) ("Although there may be instances where emotional harm satisfies the Article III injury-in-fact requirement, such claims must be supported by sufficient allegations."); *Gadomski v. Patelco Credit Union*, 2022 WL 223878, *5 (E.D. Cal. Jan. 25, 2022) (dismissing complaint for lack of standing where plaintiff failed to "allege a concrete injury in fact because she did not provide any facts alleging that the inaccurate credit report harmed her ability to enter a transaction in the past or imminent future"); *Zavala v. Trans Union, LLC*, 2022 WL 866017, *3 (E.D. Cal. Mar. 23, 2022) (dismissing complaint based because "[p]laintiff's vague and conclusory allegations are insufficient to state a claim for damages"). Accordingly, the claim against Avant also should be dismissed for failure to plead Article III standing.

## IV.   CONCLUSION

For the foregoing reasons Avant respectfully requests that the Court dismiss Count I of the Complaint, which is the only count pled against Avant.

9

Dated: August 6, 2026

Respectfully submitted,

**AVANT, LLC**

By:

_____
Anand Ramana (VSB No. 65852)
M. Hunter Rush (VSB No. 97203)
VEDDER PRICE P.C.
1401 New York Ave. NW
Suite 500
Washington, D.C. 20005
Tel: (202) 312-3325
Fax: (202) 312-3322
E-mail: aramana@vedder.com
E-mail: hrush@vedder.com

Daniel P. Jackson (*pro hac vice*)
VEDDER PRICE P.C.
222 N. LaSalle Street
Chicago, IL 60601
Tel: (312) 609-7500
Fax: (312) 609-5005
E-mail: djackson@vedder.com

*Counsel for Defendant Avant, LLC*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2026, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system that will forward the same to all counsel of record.

_____

Anand Ramana (VSB No. 65852)
M. Hunter Rush (VSB No. 97203)
VEDDER PRICE P.C.
1401 New York Ave. NW
Suite 500
Washington, D.C. 20005
Tel: (202) 312-3325
Fax: (202) 312-3322
E-mail: aramana@vedder.com
E-mail: hrush@vedder.com

Daniel P. Jackson (*pro hac vice*)
VEDDER PRICE P.C.
222 N. LaSalle Street
Chicago, IL 60601
Tel: (312) 609-7500
Fax: (312) 609-5005
E-mail: djackson@vedder.com

*Counsel for Defendant Avant, LLC*

1