**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| ANGELA WHITE,<br><br>*Plaintiff*,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and AVANT, LLC,<br><br>*Defendants*. | Case No. 3:26-CV-435-RCY |

**DEFENDANT AVANT, LLC'S RESPONSE
TO PLAINTIFF'S MOTION FOR BRIEF EXTENSION
TO RESPOND TO MOTION TO DISMISS**

Defendant Avant, LLC ("Avant"), by counsel and pursuant to Local Civil Rule 7(F) and this Court's August 20, 2026 order (Dkt. No. 34), respectfully responds to the motion for brief extension to respond to motion to dismiss by Avant ("Extension Motion") filed by Plaintiff Angela White on August 18, 2026. (Dkt. No. 33.) The Order requires defendants to state their position as to Plaintiff's request for an extension to file their response to the motion to dismiss to August 24, 2026. (Dkt. No. 34.) For the reasons that follow, Avant **does not consent** to the relief requested in the Extension Motion, but also **does not oppose** the Extension Motion either.

BACKGROUND

Plaintiff – acting *pro se* at the time – filed this federal Fair Credit Reporting Act case against Defendant Experian Information Solutions, Inc. ("Experian") in Petersburg General District Court on April 24, 2026. (Dkt. No. 1.) Experian timely removed the case to this Court on May 15, 2026. (Dkt. No. 1.) Plaintiff subsequently retained counsel, who entered his appearance on May 19. (Dkt. No. 4.) Plaintiff amended her complaint on June 8, adding Avant as a defendant.

(Dkt. No. 12.) Avant timely filed a motion to dismiss the claim against it on August 6, 2026. (Dkt. No. 31, 32.)

Prior to filing the motion to dismiss, counsel for Avant shared compelling evidence with Plaintiff's counsel that Plaintiff – a convicted fraudster – is abusing the Court system by changing her identity and filing fraudulent FCRA claims. On August 15, Plaintiff's counsel asked Avant's counsel if Avant would consent to a dismissal of the case without prejudice. Given its position that this case is sanctionable, Avant declines to consent to a dismissal ***without*** prejudice.

Plaintiff filed the instant Extension Motion after working hours on August 18, 2026. Plaintiff did not attempt to meet and confer with Avant, nor did it seek or secure consent from Avant for the relief requested. On August 20, this Court ordered Avant to state its position on the relief requested. (Dkt. No. 34.) Avant now submits its response.

## ARGUMENT

Avant neither consents to nor opposes the extension to August 24, 2026.

Avant does not consent to Plaintiff's requested extension because Plaintiff has not shown, nor is there, good cause for it. To be sure, Rule 6(b)(1)(A) authorizes a court to extend the time to respond to a motion "for good cause" if the request is made prior to the deadline. FED. R. CIV. P. 6(b)(1)(A). "This rule has generally been interpreted to require a demonstration of good faith on the party of the party seeking the enlargement of time and some reasonable basis for noncompliance within the time specified in the rules." *United States ex rel Shaw Envt'l, Inc. v. Gulf Ins. Co.*, 225 F.R.D. 526, at 528 (E.D. Va. 2005) (citation omitted). Indeed, in this district, "[a]ny requests for an extension of time relating to motions … in general, will be looked upon with disfavor." E. D. VA. LOC. CIV. R. 7(I). This Court has denied motions for extensions when the

moving party has not demonstrated "good cause" for the extension. See, e.g., *Midgett v. Hardcastle*, 2018 U.S. Dist. LEXIS 171596, at 18 (E.D. Va. 2018).

Plaintiff's only reason for the extension is that he has been "working diligently" and he has court hearings on August 19 through 21. (Dkt. No. 33 at 1.) Plaintiff's counsel did not represent that he was not aware of his three-day hearing when he received Avant's motion to dismiss on August 6 (he undoubtedly was), nor does he explain where the proceedings are, what the case is about, or why others cannot either draft the response to the motion to dismiss or cover the proceedings so that he can respond to the motion. Significantly, he also does not explain what he has done to "work diligently" on a response from August 6 through August 18. In short, Plaintiff has not demonstrated "good cause" for her requested extension. In addition, based on the unrebutted evidence it has shared with Plaintiff's counsel, Avant believes this case to be sanctionable and warrants a voluntary dismissal ***with*** prejudice. For these reasons, Avant does not affirmatively consent to the extension request.

Even so, Avant is mindful of the professional civility that Virginia lawyers should embody in their dealings with opposing counsel. This is especially the case in matters related to scheduling. Avant has shared with Plaintiff's counsel very compelling evidence that this case should never have been filed. Instead of voluntarily dismissing this case, Plaintiff has decided to proceed with it anyway, which will require Avant to expend resources to file a reply brief and argue the motion to dismiss. Plaintiff's decision to proceed with this case can be litigated in the future. In Avant's view, whether a case is sanctionable is not a proper basis to affirmatively oppose a short briefing extension. It is for this reason that Avant declines to oppose the extension to August 24, 2026.

## CONCLUSION

For the foregoing reasons, Avant neither consents to nor opposes the Extension Motion.

Dated: August 21, 2026

Respectfully submitted,

**AVANT, LLC**

By:

*/s/ Anand Ramana*

Anand Ramana (VSB No. 65852)
M. Hunter Rush (VSB No. 97203)
VEDDER PRICE P.C.
1401 New York Ave. NW
Suite 500
Washington, D.C. 20005
Tel: (202) 312-3325
Fax: (202) 312-3322
E-mail: aramana@vedder.com
E-mail: hrush@vedder.com

Daniel P. Jackson (*pro hac vice*)
VEDDER PRICE P.C.
222 N. LaSalle Street
Chicago, IL 60601
Tel: (312) 609-7500
Fax: (312) 609-5005
E-mail: djackson@vedder.com

*Counsel for Defendant Avant, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will forward the same to all counsel of record.

*/s/ Anand Ramana*
Anand Ramana (VSB No. 65852)
M. Hunter Rush (VSB No. 97203)
VEDDER PRICE P.C.
1401 New York Ave. NW
Suite 500
Washington, D.C. 20005
Tel: (202) 312-3325
Fax: (202) 312-3322
E-mail: aramana@vedder.com
E-mail: hrush@vedder.com

Daniel P. Jackson (*pro hac vice*)
VEDDER PRICE P.C.
222 N. LaSalle Street
Chicago, IL 60601
Tel: (312) 609-7500
Fax: (312) 609-5005
E-mail: djackson@vedder.com

*Counsel for Defendant Avant, LLC*